**Pinky L. POWE and Laura Nell Luter, Plaintiff,**

v.

**WAGNER ELECTRIC SALES CORPO-RATION and General Motors Corpora-tion, Cadillac Division, Defendants.**

**Civ. A. No. E83–0004 & 5(B).**

United States District Court,
S.D. Mississippi, E.D.

July 3, 1984.

John T. Crowder, Jr., Mobile, Ala., Stanford Young, David Slaughter, Waynesboro, Miss., for plaintiff.

Bourdeaux & Jones, Meridian, Miss., for defendants.

## ORDER AND MEMORANDUM OPINION

BARBOUR, District Judge.

This case is before this Court on the Defendant Wagner Electric Sales Corporation's Motion for Summary Judgment. Viewing the facts about which there is no dispute in the light most favorable to the Plaintiff as regards Wagner Electric Sales Corporation (Wagner) they are summarily stated as follows.

The two Plaintiffs are Pinky L. Powe and Laura Nell Luter. This is an action arising out of the operation of a 1979 Cadillac. Laura Nell Luter (Luter) is the owner of the vehicle and Pinky L. Powe (Powe) was a passenger at the time of the accident which gave rise to this litigation. As to Wagner, the Plaintiffs allege that the master cylinder which was placed in the subject vehicle was defective and caused Luter to be unable to halt the forward motion of her car and that this caused the vehicle to run down an embankment, injuring both the Plaintiffs. According to the deposition of Luter she took her car to a local repair shop, G.B. Davis Garage, because she was having to pump the brakes and a warning light was coming on. This occurred approximately a week before the accident. Mr. Davis' affidavit states that he placed a master cylinder in the car which was manufactured by Wagner. Luter stated in her deposition that just after the car was returned to her the brakes were performing the same as before the master cylinder was installed. She informed Mr. Davis of this and was told that she should bring the car back because it was possible that the master cylinder was defective. She did not do this prior to the accident. Mr. Davis had ordered a new cylinder but it had not been installed before the accident occurred.

The circumstances surrounding the accident itself are substantially undisputed. Luter and Powe went to Laurel to go shopping, and after having had two drinks at the Holiday Inn they began the return journey at approximately 11:00 P.M. They were taking a short cut on the trip, travelling at approximately 35 miles an hour when they went down a hill toward a "T" intersection. Upon their descent Luter attempted to halt the car but was unable to make the brakes work. Consequently, they went through the intersection and down the embankment on the opposite side,

causing the injuries of which they complain.

The car was taken to B & W Body Shop in Laurel, Mississippi, for repairs. That shop did not do the mechanical work on the brakes but rather drove the car to AS & H Auto Service where the actual removal of the master cylinder occurred. The two mechanics who were involved in repairing the vehicle subsequent to the accident both have been deposed and state that the brakes worked prior to the replacement of the master cylinder which was in the car at the time of the accident, although, the pedal was "low". In fact, it is clear that the pedal was also low after the new master cylinder was placed in the car. The mechanic who replaced the master cylinder stated that this is a characteristic of the car such as the Cadillac that Luter owned.

For purposes of this Motion for Summary Judgment the most favorable statement of the Plaintiff's case would be that the Plaintiff had brake trouble and had the original master cylinder replaced with a Wagner master cylinder. Subsequent to the replacement of the master cylinder with the Wagner product the brake trouble continued. While the difficulty with the brakes did allow the automobile to come to a stop, it is clear that it was difficult and required the driver to press the brake pedal to the floor or pump the brakes. Subsequent to the accident, the Wagner master cylinder was again replaced but the problem with the brakes continued in much the same fashion. The Wagner master cylinder which is allegedly defective was not retained, no tests were performed on it, there has been no opportunity to inspect it, and there is no hope of recovering it to allow anyone the opportunity of performing such an inspection. The Plaintiffs maintain that they have a right to prove their case by circumstantial evidence.

## THE MISSING MASTER CYLINDER

The Plaintiff has given this Court no hope that the missing master cylinder will ever be brought forward for inspection, or indeed that it may ever be recovered at all.

Even if the Plaintiffs were to bring a master cylinder forward at this late date, it would be almost impossible to establish that it was the master cylinder that was in Luter's Cadillac at the time of the accident.

At this juncture the Defendant in its Motion for Summary Judgment essentially asks this Court to pierce the pleadings in order to determine whether Plaintiff can actually make enough proof to warrant a trial as to this Defendant. General Motors, Cadillac Division, is also sued in this action. The Defendant General Motors is not involved in this Motion for Summary Judgment.

## PROOF BY CIRCUMSTANTIAL EVIDENCE

In this case, the fact that the master cylinder is unavailable does not in and of itself end any issue of fact because certainly the Plaintiff may prove his case by circumstantial evidence. *Fruehauf Corporation v. Trustees of First United Methodist Church*, 387 So.2d 106, 110 (Miss.1980). The only direct evidence is the affidavit of Mr. Davis who placed the Wagner master cylinder in the Luter automobile and has a receipt for his work. He has stated that it was a Wagner product which he placed in the automobile. The Plaintiffs have additionally obtained an expert and presented his affidavit stating that the brakes failed because of one of three reasons in his opinion: 1) the mechanic who installed the master cylinder was negligent in installing same, 2) one of the brake lines may have failed, or 3) the master cylinder was defective. These three possibilities are in no way narrowed by the other circumstantial evidence available. In fact, the other circumstantial evidence points to there being something else wrong with the braking system besides the master cylinder. The brakes did not work before the Wagner master cylinder was installed. Likewise, the brakes, according to Luter and Powe, did not work at the time of the accident. Subsequent to the accident the mechanics dealing with the repair of the automobile have testified in their deposi-

tions that while the brakes worked, they were low and that their condition was not significantly improved by the replacement of the Wagner master cylinder with another master cylinder.

■ The law will not allow liability where the only proof is so grossly speculative as is the case here. *See William Cooper and Nephews v. Pevey,* 317 So.2d 406, 408–09 (Miss.1975). The fundamental question is whether this tenuous and speculative circumstantial evidence raises a factual issue which is material.

Certainly the factual dispute is whether the product was defective. The Plaintiff makes virtually no showing of its ability to prove this ultimate fact except by the evidence discussed above.

## SUMMARY JUDGMENT

It is rare to find an appropriate case for summary judgment involving negligence or products liability. *Davidson v. Stanadyne, Inc.,* 718 F.2d 1334, 1338 (5th Cir. 1983). However, the 1963 amendment to Rule 56 provided that when a properly supported motion is made,

> an adverse party may not rest upon the mere allegations or denials of his pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial. If he does not respond, summary judgment, if appropriate, shall be entered against him.

Rule 56(e), F.R.Civ.P.

■ It is clear that the amendment was made to prevent the reliance of a party on general averments of the pleadings which present issues of fact on their face. The Rule requires the party opposing the motion for summary judgment to bear the burden of coming forward with evidence to present the court with an issue of fact which would preclude summary judgment. While this Court recognizes that it is obligated to determine whether the pleadings themselves raise an issue of fact under the Fifth Circuit's interpretation of Rule 56, *Thompson v. Johns-Manville Sales Corp.,* 714 F.2d 581, 582 (5th Cir.1983), it has done

so and finds that no *genuine* issue of a *material* fact exists precluding summary judgment as a matter of law.

■ While summary judgment has been subject to considerable confusion and uncertainty because of the ad hoc treatment which it has received, *see Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact,* 99 F.R.D. 465 (1984), the rule should be utilized to avoid a trial which is expensive to the courts as well as the litigants where there is in reality nothing which calls for the necessity of a trial to decide.

■ A common sense approach would seem to commend a two part test to decide whether the factual dispute is a material issue. First, is this the type of issue normally tried by a jury; second, is there sufficient evidence for the issue to go to the jury. *Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact,* 99 F.R.D. 465, 470 (1984). The issue which is identified in this case in regard to Wagner must be the inference of the circumstantial evidence which the Plaintiff has produced. If this inference creates a genuine issue of material fact, summary judgment would be inappropriate.

The Wagner master cylinder was placed in the car. This the Plaintiff proposes to establish by direct evidence of Mr. Davis. The Plaintiff has made no indication that Mr. Davis could give any testimony as to the nature of the master cylinder which he put in the car, namely, whether it was defective or not. Mr. Davis never saw the car again prior to the accident. Therefore, he can give no more direct testimony. The other evidence is likewise circumstantial and all points to defects in the braking system not related to the master cylinder. The depositions of the mechanics who repaired the automobile subsequent to the accident state that the replacement of the Wagner master cylinder had no effect on the condition of the braking system. There is no other evidence which the Plaintiff proposes to use to support his claim that the Wagner master cylinder was defective

and the proximate cause of the Plaintiff's injuries.

■ Under Mississippi Law the essential elements of a strict products liability case are that the product left the manufacturer in a defective condition, which rendered it unreasonably dangerous, and that the defect was the proximate cause of the injury. *Ford Motor Company v. Matthews*, 291 So.2d 169 (Miss.1974). If the circumstantial evidence which the Plaintiffs have put forward tended to support the conclusion which they propose, i.e., the defectiveness of Wagner's master cylinder, then summary judgment would be inappropriate. However, it is clear that the circumstantial evidence which the Plaintiffs have produced does not support this inference. Such evidence would certainly be far from an issue that the Court would submit to the jury. Moreover, the evidence proposed in opposition to this Motion for Summary Judgment is so wholly inadequate that no reasonable mind could conclude that it was any more probable that the master cylinder was defective than if there were no evidence at all except for the evidence of a brake failure.

■ The fact that the Plaintiffs themselves have failed to preserve evidence, namely the master cylinder, places at the Plaintiff's door the failure of proof. Admittedly, where the product which is alleged to be defective is unavailable, the Plaintiff's case is not necessarily made impossible by lack of proof. However, it has been generally held that where the product itself was destroyed or is otherwise unavailable and there is no other evidence of the defect, that a case for the jury is not made. This would seem to be especially true where the fact that the evidence is missing is the fault of the Plaintiff and not due to the destruction of the product in the collision or where the product is rendered unavailable by circumstances beyond the Plaintiff's control. *See generally* Annot., *Products Liability: Proof of Defect Under Doctrine of Strict Liability and Tort*, 51 A.L.R. 3rd 8, 23–27 (1973).

■ The doctrine of strict liability, while it discards both privity and negligence, certainly does not make the Plaintiff's case for him. While this doctrine aids the Plaintiff enormously by not requiring him to prove actual negligence on the part of the manufacturer, it is certainly not the equivalent of the doctrine of *res ipsa loquitur* which is a rule of evidence. In this case the position of the Defendant is, at best, uncomfortable where he must defend against an allegation that his product was defective without knowing anything at all about that specific product and having no way to identify what defect is alleged to have caused his product to have failed. This is simply too great a burden to place on a manufacturer of a product. Furthermore, the public policy of improving the safety of products is certainly not served in this instance because the manufacturer will never know what was actually wrong with his product because the Plaintiff has failed to preserve it. At best, the only way this case could ever go before a jury is that the Plaintiff had an accident and had recently had a master cylinder replaced and the accident was a result of a brake failure. There is no way to ascertain as far as this Court can see whether the accident was caused by any other numerous defects that might have existed in the braking system prior to and subsequent to the placing of the master cylinder in the automobile. It is certainly impossible to determine what actually was the defect in this master cylinder.

The Plaintiffs also urge counts of breach of warranty, negligence, and other theories of recovery. The Court has discussed only the strict liability theory because this is certainly the simplest theory to prove. If the strict liability theory fails for lack of proof certainly the other ones would follow. There is no question but that summary judgment would be appropriate on all the other theories of recovery which the Plaintiff asserts as to the Defendant Wagner.

■ To allow this suit to go forward would be to encourage a prospective plain-

tiff to discard evidence and instead rely on the courts to supply the missing pieces by presumptions. Accordingly, this Court finds that summary judgment is appropriate as to the Defendant Wagner.