James C. SATCHER, Plaintiff,

v.

HONDA MOTOR CO., LTD., American Honda Motor Co., Inc. and Honda Research and Development Co., Ltd., Defendants.

Civ. A. No. S87–0635(P).

United States District Court,
S.D. Mississippi, S.D.

Feb. 5, 1991.

Peter K. Smith, Quitman, Miss., and Wilton L. Strickland, Joanne Fanizza and Ray Ferrero, Jr., Ft. Lauderdale, Fla., for plaintiff.

Ronald G. Peresich and Tere R. Steel, Biloxi, Miss., and Charles B. Lewis, Linda J. Mowles and Paul D. Hogan, Jr., Knoxville, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

PICKERING, District Judge.

This matter is before the Court on a products liability claim filed against American Honda Motor Co., Inc., Honda Motor Co., Ltd. and Honda R & D Co., Ltd. (hereinafter referred to as the Honda Defendants). The Honda Defendants have filed a motion for summary judgment. The Court being fully advised in the premises finds as follows:

## FACTUAL BACKGROUND

On March 18, 1985, the Plaintiff, James C. Satcher, purchased a red 1984 Honda 650 SC Nighthawk Motorcycle from Meridian Oxygen Service, Inc. and Honda of Meridian. The motorcycle was designed by Honda R & D Co., Ltd., manufactured by Honda Motor Co., Ltd. and distributed by American Honda Motor Co., Inc.

On October 15, 1985, at approximately 5:30 p.m. in the afternoon the Plaintiff, while riding his motorcycle, was involved in an accident with Fannie Fagan of Stonewall, Mississippi, who was driving a 1976 Ford LTD. The weather on the day of the accident was cloudy, but the road was dry. Just prior to the accident, Plaintiff was westbound on River Road as Fannie Fagan approached in her Ford LTD going eastbound in the same vicinity. The Plaintiff has testified that he observed the Fagan automobile approximately a quarter of a mile away. Fagan has testified by deposition that she first saw the Plaintiff from a distance and thought it was a child playing in the road. Fagan said that she did not recognize it as being a motorcycle until the accident was imminent at which time she looked in her rear view mirror, applied her brakes and for some unexplained reason, turned her car into Plaintiff's lane of traf-

fic. Fagan was either stopped or barely moving at the time of the impact. The impact between Mrs. Fagan's vehicle and the Plaintiff's motorcycle occurred when the left side of the Plaintiff's motorcycle collided with the left front bumper and hood of Mrs. Fagan's automobile. Plaintiff's lower left leg was amputated by the impact and Plaintiff was thrown from the motorcycle. Plaintiff was traveling at a speed of 40 to 45 miles per hour at the time of the collision with the Fagan vehicle. At the time of the impact, Plaintiff's motorcycle headlights were on as they were designed to turn on when the engine is turned on. Apparently, the automatically burning headlight is the only standard generally adopted throughout the motorcycle industry to ensure conspicuousness.

Plaintiff alleges that the motorcycle upon which he was riding was defectively designed because it was unreasonably dangerous to the Plaintiff and specifically that the motorcycle should have been equipped with appropriate leg protective devices that would have minimized or eliminated the Plaintiff's injuries in the accident without causing or enhancing any other types of injuries to the Plaintiff. Plaintiff also alleges a lack of conspicuousness of the motorcycle which was a defect and made the motorcycle unreasonably dangerous to him. Plaintiff predicates Defendants' liability for a defective product on the theories of negligence, strict liability and breach of warranty.

## CONCLUSIONS OF LAW

The Federal Rules of Civil Procedure Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." See also *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). However, a summary judgment proceeding does not provide a very satisfactory approach in most tort cases. *Larsen v. General Motors Corp.*, 391 F.2d 495 (8th Cir. 1968). Citing *Williams v. Chick*, 373 F.2d

330 (8th Cir.1967). It is rare to find an appropriate case for summary judgment involving negligence or products liability. *Powe v. Wagner Electric Sales Corporation*, 589 F.Supp. 657 (S.D.Miss.1984), citing *Davidson v. Stanadyne, Inc.*, 718 F.2d 1334, 1338 (5th Cir.1983).

Jurisdiction in this action is based on diversity of citizenship and, therefore, we are *Erie* bound to apply the products liability law of the State of Mississippi. *Erie R. Company v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

This case is a matter of first impression for this jurisdiction. The Plaintiff's Complaint embodies the emerging concept known as crashworthiness of a vehicle. Mississippi has only just recently accepted the notion of crashworthiness, or enhanced injuries through a second impact, where the alleged defect in an automobile's design or manufacture did not proximately cause or proximately contribute to the collision itself. *Toliver v. General Motors Corporation*, 482 So.2d 213 (Miss.1985). This case overruled *Walton v. Chrysler Motor Corp.*, 229 So.2d 568 (Miss.1969), and all the subsequent cases based on *Walton*. The cornerstone of the manufacturer's duty to adequately design his vehicle is found in the foreseeability of injury resulting in normal use of the product. Automobile accidents occur with sufficient frequency to be foreseeable to manufacturers. *Toliver supra* at 214, and cases cited thereunder. The *Toliver* court recognized that automobile manufacturers have a legal duty to design vehicles that are not unreasonably dangerous to the user. The question presented to this Court is whether the Mississippi Courts would extend the reasoning of *Toliver* to cover the manufacturer of a motorcycle.

The crashworthiness doctrine was first adopted in the seminal case of *Larsen v. General Motors Corp.*, 391 F.2d 495 (8th Cir.1968). Many of the jurisdictions that have adopted the crashworthiness doctrine since *Larsen* have followed the 8th Circuit's reasoning in this area of the law. The 8th Circuit stated:

The duty of reasonable care in design should be viewed in light of the risk. While not all risks can be eliminated nor a crash proof vehicle be designed under the present state of the art, there are many common sense factors in design, which are or should be well known to the manufacturer that will minimize or lessen the injurious effects of a collision.

Courts that accept the crashworthiness doctrine for automobiles have also applied the same concept to motorcycles. *Nicolodi v. Harley–Davidson Motor Co.,* 370 So.2d 68 (Fla.App. 2d 1979); *Taylor v. American Honda Motor Co.,* 555 F.Supp. 59 (M.D. Fla.1982); *Camacho v. Honda Motor Co.,* 741 P.2d 1240 (Colo.1987), cert. dismissed *Honda Motor Co. v. Camacho,* 485 U.S. 901, 108 S.Ct. 1067, 99 L.Ed.2d 229 (1988); *Robbins v. Yamaha Motor Corp.,* 98 F.R.D. 36 (M.D.Pa.1983); *Cota v. Harley–Davidson, Div. of AMF, Inc.,* 141 Ariz. 7, 684 P.2d 888 (App.1984); *Stueve v. American Honda Motors Co.,* 457 F.Supp. 740 (D.Kan.1978); *O'Donnell v. Casper,* 696 P.2d 1278 (Wyo.1985); *Bolm v. Triumph Corp.,* 33 N.Y.2d 151, 350 N.Y.S.2d 644, 305 N.E.2d 769 (1973); *Cornier v. Spagna,* 101 A.D.2d 141, 475 N.Y.S.2d 7 (1st Dept. 1984).

■ The Defendants argue that the *Larsen* case and its progeny have carved the crashworthiness doctrine out of a duty placed on the manufacturer of an automobile to provide a means of safe transportation. The Defendants argue that a motorcycle being smaller, lighter in weight and less conspicuous cannot be made safe as a means of transportation on streets and highways where automobiles dominate. Defendants miss the boat with that argument. Collisions with or without fault of the user are clearly foreseeable by the manufacturer and are statistically inevitable. *Larsen v. General Motors Corporation,* 391 F.2d 495 at 502 (8th Cir.1968). It is just as foreseeable that a motorcycle will be involved in an accident as it is foreseeable that an automobile will be involved in an accident. Foreseeability is a conceptual cornerstone of the crashworthiness doctrine. *Nicolodi, supra* at 71. For transportation purposes, a motorcycle is as much a motor vehicle as an automobile and the scope of reasonably foreseeable use is the same. *Bolm v. Triumph Corp.,* 33 N.Y.2d 151, 350 N.Y.S.2d 644, 305 N.E.2d 769 (1973).

There is no principal basis to conclude that liability for failure to provide reasonable, cost acceptable safety features to reduce the severity of injuries suffered in inevitable accidents should be imposed upon automobile manufacturers but not upon motorcycle manufacturers. *Camacho v. Honda Motor Co.,* 741 P.2d 1240 (Colo.1987), cert. dismissed *Honda Motor Co. v. Camacho,* 485 U.S. 901, 108 S.Ct. 1067, 99 L.Ed.2d 229 (1988).

■ The Defendants' argument has centered mainly on the open and obvious defense. Defendants allege that the fact that the motorcycle purchased by Plaintiff was a lightweight open air vehicle which provided no means of protection to the rider's lower extremities in the event of an accident was so open and obvious to the Plaintiff that he is barred from recovery. Defendants' argument verges on reliance on the assumption of the risk doctrine. While not identical, both doctrines would bar Plaintiff's recovery. It is difficult for this Court to harmonize the open and obvious defense, the assumption of the risk doctrine and comparative negligence under Mississippi law. The Mississippi Supreme Court has had a difficult time with these questions as well. That Court has ruled where assumption of the risk overlaps and coincides with contributory negligence, the rules of contributory negligence are applicable. *Braswell v. Economy Supply Company,* 281 So.2d 669 (Miss.1973). The Court there stated that virtually the only time assumption of the risk applies is when the injured party's own negligence was the sole proximate cause of his injuries. The Mississippi Supreme Court has gone to the very brink of abolishing the assumption of the risk doctrine, but has not yet done so. Cf. *McDaniel v. Ritter,* 556 So.2d 303 (Miss.1989) (dissenting opinion by Justice Sullivan). In any event, if assumption of the risk is still a viable doctrine under the

law of Mississippi, it is to be measured by the subjective state of mind of the injured party. *Alexander v. Conveyors and Dumpers, Inc.*, 731 F.2d 1221 (5th Cir.1984). The Plaintiff herein has testified that he was not aware of and did not appreciate the danger of injury to his lower extremities if the motorcycle which he was riding was involved in an accident. He stated that if he had known this danger he would not have purchased the motorcycle. Clearly assumption of the risk cannot apply in the face of Plaintiff's uncontroverted testimony.

The next question which is closely akin to assumption of the risk is whether the failure of the Defendants to put any type of leg protective devices on the motorcycle or to make the motorcycle more conspicuous was so open and obvious to the Plaintiff as to bar his recovery. The open and obvious defense is still alive and well under Mississippi law even though this Court feels it should be subsumed by the comparative negligence doctrine. *Ward v. Hobart Mfg. Company*, 450 F.2d 1176 (5th Cir.1971).[1] If the danger to the Plaintiff is open and obvious, there is no duty upon the manufacturer to warn of such danger nor can such danger be considered a defect in the product. See also *O'Donnell v. Casper*, 696 P.2d 1278 (Wyo.1985).

However, whether a danger is open and obvious depends not just on what people can see with their eyes but also on what they know and believe about what they see. In particular, if people generally believe that there is a danger associated with the use of a product, but that there is a safe way to use it, any danger there may be in using the product in the way generally believed to be safe is not open and obvious. *Corbin v. Coleco Industries, Inc.*, 748 F.2d 411 (7th Cir.1984). The ultimate fact issue for the jury in this product liability action is the reasonableness of a product's design. The question of whether the Plaintiff had actual knowledge of the specific hazards comprising the danger should ordinarily be a fact question left for the jury and not precluded by the conclusion that the danger should have been obvious. Uncritical rejection of design defect claims in all cases wherein the danger may be open and obvious thus contravenes sound public policy by encouraging design strategies which perpetuate the manufacture of dangerous products. *Union Supply Co. v. Pust*, 196 Colo. 162, 583 P.2d 276 (1978); accord, e.g. *McGowne v. Challenge–Cook Bros., Inc.*, 672 F.2d 652 (8th Cir.1982) (applying Missouri law); *Davis v. Fox River Tractor Co.*, 518 F.2d 481 (10th Cir.1975) (applying Oklahoma law); *Beloit Corp. v. Harrell*, 339 So.2d 992 (Ala.1976); *Byrns v. Riddell, Inc.*, 113 Ariz. 264, 550 P.2d 1065 (1976); *Auburn Machine Works Co. v. Jones*, 366 So.2d 1167 (Fla.1979); *Siruta v. Hesston Corp.*, 232 Kan. 654, 659 P.2d 799 (1983); *Holm v. Sponco Manufacturing, Inc.*, 324 N.W.2d 207 (Minn.1982). This Court cannot agree that the purchaser of a motorcycle bargains for the risk of serious leg injury; rather, the purchaser bargains for a motorized vehicle the purpose of which is to provide an economical open air maneuverable form of transportation on the roadways. *Camacho, supra.* Cf. Wade, "On the Nature of Strict Liability for Products", 44 Miss.L.J. 825 (1973).

▬ In light of the Plaintiff's deposition testimony and the testimony offered by the Plaintiff's experts, the Court is of the opinion that there are enough fact issues in question to warrant presenting to the jury the issue of open and obvious danger to the Plaintiff. If the danger was open and obvious to the Plaintiff or if he assumed any degree of risk in operating the motorcycle then the jury can certainly take this into consideration in apportioning a degree of fault to the Plaintiff and thereby reducing his damages. The common law is not sterile or rigid and serves the best interest of society by adapting standards of conduct and responsibility that fairly meet the emerging and developing needs of our

---

1. According to Shepard's Citations (7th Edition 1989), the *Ward* decision was partially overruled in *Porter v. American Optical Corp.*, 641 F.2d 1128 (5th Cir.1981). However, a reading of the relevant portions of the opinion leads the Court to conclude that *Ward* was only distinguished therein.

time. *Larsen v. General Motors Corporation*, 391 F.2d 495 at 506 (8th Cir.1968). The question of whether a product is reasonably safe is a flexible one and to be determined by the facts of each case. *Toliver supra* at 217 citing *Dunson v. S.A. Allen, Inc.*, 355 So.2d 77 (Miss.1978). It is question of fact whether the particular article involved was reasonably safe when it left the control of the manufacturer. *State Stove Mfg. Co. v. Hodges*, 189 So.2d 113 at 121 (Miss.1966), *cert. den., Yates v. Hodges*, 386 U.S. 912, 87 S.Ct. 860, 17 L.Ed. 2d 784 (1967).

Under Plaintiff's strict liability theory, he must show that the motorcycle was defective and that its defective condition made the product unreasonably dangerous to him. *Toliver, supra* at 218.

At this stage of the litigation, it would be improper for the Court to enter summary judgment for the Defendants. The Plaintiff is entitled to present his theories of liability to a jury as the Court is of the opinion that there exists material questions of fact in regard to each of the theories presented by the Plaintiff which can only be answered by the jury. Plaintiff is entitled to present to a jury the question whether the Honda Defendants failed to use reasonable care, or breached its implied warranty of merchantability, or manufactured an unreasonably dangerous product.

The Court will reserve a ruling on the issue of whether or not the punitive damages question should be submitted to the jury at the close of the evidence in this case.

IT IS, THEREFORE, ORDERED that the Defendants' motion for summary judgment is hereby overruled.

IT IS FURTHER ORDERED that a separate judgment will be entered herein in accordance with Federal Rules of Civil Procedure Rule 58.

SO ORDERED AND ADJUDGED.