**Billy H. TONEY, Plaintiff,**

v.

**KAWASAKI HEAVY INDUSTRIES, LTD., and Kawasaki Motors Corp., U.S.A., Defendants.**

**Civ. A. No. J89–0257 (B).**

United States District Court,
S.D. Mississippi,
Jackson Division.

May 15, 1991.

Carey Varnado, Easterling & Varnado, Hattiesburg, Miss., Eugene Tullos, Tullos & Tullos, Raleigh, Miss., for plaintiff.

Ray McNamara and Jennifer L. Walsh, Dove Chill & McNamara, Jackson, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

BARBOUR, Chief Judge.

This cause is before the Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, on Defendants' Motion for Summary Judgment. Plaintiff has responded to the Motion. The Court, having considered the Motion and Response, together with memoranda of authorities and attachments thereto, now renders the following findings of fact and conclusions of law.

## I. FACTS AND PROCEDURAL HISTORY

On August 16, 1985, Plaintiff purchased a used Kawasaki KZ 750 motorcycle from Henry Banks, an individual who lived in Mendenhall, Mississippi. That motorcycle was designed and manufactured by Defendant Kawasaki Heavy Industries, Ltd. ("KHI"), a Japanese corporation. Defendant Kawasaki Motors Corp. is a Delaware corporation which distributed KHI products in the United States.

On August 17, 1985, one day after purchasing the motorcycle, Plaintiff was operating the motorcycle on an open highway in Smith County, Mississippi, when he was struck from the side by a truck driven by Walter Lee Hollingsworth. Plaintiff suffered severe injuries in the collision which later necessitated the amputation of his left leg.

On April 11, 1989, Plaintiff filed the instant action in the Circuit Court of Smith County, Mississippi. In his Complaint, Plaintiff asserts negligence, strict liability, and breach of warranty claims against Defendants.[1] Specifically, Plaintiff alleges that the Kawasaki motorcycle on which he was injured was not equipped with leg guards or any other protection for Plaintiff's legs as reasonable diligence and due care would require. Plaintiff also alleges that the failure to provide leg protection on the motorcycle rendered the product unreasonably dangerous. Further, Plaintiff alleges that the Defendants failed to adequately warn users of the motorcycle as to proper procedures for use of the product and as to the potential danger of operating the motorcycle without adequate leg protection. Plaintiff sought three million dollars ($3,000,000.00) in compensatory damages and two million dollars ($2,000,000.00) in punitive damages from Defendants.

On May 5, 1989, Plaintiff's suit was removed to this Court. Following extensive discovery in this matter, Defendants filed a Motion for Summary Judgment on January 1, 1991. In their Motion, Defendants assert that, because the risks associated with the use of a motorcycle unequipped with leg guards or other leg protection features are open and obvious to the ordinary consumer, judgment must be granted in favor of Defendants as a matter of law on all counts of the Complaint.

## II. CONCLUSIONS OF LAW

Rule 56 of the Federal Rules of Civil Procedure states in relevant part that summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c). The United States Supreme Court has held that this language

---

**1.** In his Complaint, Plaintiff also named Cooper Brothers Kawasaki, Inc., as a Defendant. Cooper Brothers is a Mississippi corporation engaged in the sale and distribution of Kawasaki motorcycles. Subsequent to the filing of the Complaint, Cooper Brothers was dismissed as a Defendant in this action.

"mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

▇ Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. The district court, therefore, must not "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." *Kennett–Murray Corp. v. Bone,* 622 F.2d 887, 892 (5th Cir.1980). Summary judgment is improper merely where the court believes it unlikely that the opposing party will prevail at trial. *National Screen Service Corp. v. Poster Exchange, Inc.,* 305 F.2d 647, 651 (5th Cir.1962).

▇ The party moving for summary judgment bears the responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrates the absence of a genuine issue of fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552–53. However, the movant need not support the motion with materials that negate the opponent's claim. As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to an absence of evidence to support the non-moving party's claim; the non-moving party must then designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. at 2553.

Three primary issues of law are presented to the Court on Defendants' Motion for Summary Judgment: (1) whether Defendants are strictly liable for a design defect in the motorcycle or for the failure to warn users of the motorcycle as to potential dangers associated with use of the product; (2) whether Defendants breached express or implied warranties with regard to the condition of the motorcycle; and (3) whether

Defendants were negligent in designing or testing the motorcycle or were negligent in failing to issue adequate warnings concerning use of the motorcycle. Because jurisdiction in this action is based upon diversity of citizenship, the Court is *Erie* bound to apply the substantive laws of the State of Mississippi to this case.

"It is rare to find an appropriate case for summary judgment involving negligence or products liability." *Powe v. Wagner Electric Sales Corp.,* 589 F.Supp. 657, 660 (S.D. Miss.1984). Upon examination of the record presented in this case, however, the Court concludes that Defendants' Motion for Summary Judgment should be granted.

### A. Strict Liability

▇ In order to recover on a theory of strict liability under Mississippi law, it must be established that: (1) the defendant placed a product on the market that was in a defective condition and unreasonably dangerous for its intended use; (2) the plaintiff was using the product in a manner that was reasonably foreseeable; and (3) the defective condition was the proximate cause of the injury to plaintiff. *Mozingo v. Correct Manufacturing Corp.,* 752 F.2d 168, 176 (5th Cir.1985).

▇ In the instant case, Plaintiff has alleged two defects which he asserts rendered the motorcycle in question both defective and unreasonably dangerous: (1) a failure to provide leg guards or other leg protection features in the design of the motorcycle; and (2) a failure to warn users of the proper procedures for use of the product or of the potential hazards associated with use of the motorcycle. In response, Defendants contend that, under Mississippi law, the open and obvious nature of the danger associated with motorcycles unequipped with leg guards or other leg protection features establishes that, as a matter of law, the motorcycle was not defectively designed. In addition, Defendants assert that, as a matter of law, the open and obvious nature of the danger relieved them of the duty to warn against the hazards associated with riding a motorcycle without leg protection features.

 The existence of a product defect must be established before recovery may be had in strict liability. *Gray v. Manitowoc Co.,* 771 F.2d 866, 868–69 (5th Cir. 1985); *William Cooper & Nephews, Inc. v. Pevey,* 317 So.2d 406, 408 (Miss.1975). In determining whether a product is defective so as to be considered unreasonably dangerous, Mississippi applies the consumer expectation test. *See Toliver v. General Motors Corp.,* 482 So.2d 213, 218 (Miss. 1985); *Ford Motor Co. v. Matthews,* 291 So.2d 169, 172 (Miss.1974); *State Stove Manufacturing Co. v. Hodges,* 189 So.2d 113, 121 (Miss.1966), *cert. denied* 386 U.S. 912, 87 S.Ct. 860, 17 L.Ed.2d 784 (1967). In order to recover in strict liability where the consumer expectation test is applied, plaintiff must establish that the product at issue was "dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics." Restatement (Second) of Torts § 402A, comment i (1965).

 Numerous cases construing Mississippi law and its adoption of the consumer expectation test have concluded that, where the danger associated with an alleged defect in the design of a product was open and obvious, a claim in strict liability cannot be maintained. *See Melton v. Deere & Co.,* 887 F.2d 1241, 1243 (5th Cir. 1989); *Gray v. Manitowoc Co.,* 771 F.2d at 868–69. Thus, "a manufacturer is under no duty to warn or adopt alternate designs when the danger associated with the use of the product is open and obvious to the user." *Hedgepeth v. Fruehauf Corp.,* 634 F.Supp. 93, 98 (S.D.Miss.1986), *aff'd,* 813 F.2d 405 (5th Cir.1987).

Applying the consumer expectation test to the facts of the instant case, the Court concludes that the dangers associated with motorcycles which are not equipped with leg guards or other leg protection features are so open and obvious that, as a matter of law, Plaintiff's strict liability claim is precluded. The Court finds that, under the objective standard of the consumer expectation test, the risks associated with the operation of the motorcycle at issue here would be patently obvious to any ordinary consumer. The ordinary consumer knows that a motorcycle without leg guards or other protective features would not afford leg protection in the event of a side-impact collision. Accordingly, a motorcycle unequipped with leg guards or other protective features cannot, as a matter of law, be more dangerous than would be contemplated by the ordinary consumer.

Other jurisdictions have determined that the risks of personal injury associated with operating a motorcycle unequipped with leg protection features are open and obvious as a matter of law. *See Nicholson v. Yamaha Motor Co.,* 80 Md.App. 695, 566 A.2d 135, 147 (1989); *Shaffer v. AMF, Inc.,* 842 F.2d 893, 896 (6th Cir.1988); *Hunt v. Harley–Davidson Motor Co.,* 147 Ga.App. 44, 248 S.E.2d 15, 17 (1978). Based on the rationale set forth in these cases as well as the reasoning set forth in Mississippi cases governing the open and obvious danger rule, the Court concludes that, as a matter of law, Plaintiff cannot maintain a strict liability claim based on the failure to provide leg protection features on a motorcycle or the failure to warn of the dangers associated with the use of such an unequipped motorcycle.

Plaintiff advances several theories in urging this Court that summary judgment is not proper on the strict liability claims asserted in the Complaint. Primary among these is Plaintiff's assertion that Mississippi no longer follows the consumer expectation test in products liability actions and no longer holds the open and obvious danger rule to be a complete bar to recovery. Upon a review of the authority cited by Plaintiff, however, the Court finds that Plaintiff's position on both of these issues is not well taken. In effect, Plaintiff is merely reasserting arguments that the majority of the court in *Melton v. Deere & Co., supra,* found to be unpersuasive. This Court can simply find no legal basis for Plaintiff's assertions that Mississippi no longer follows the consumer expectation test or the open and obvious danger rule.

Plaintiff next argues that, assuming Mississippi still holds the open and obvious danger rule to be a bar to recovery, issues of fact exist as to the open and obvious nature of the danger created by the lack of leg protection devices on the motorcycle at issue here, thereby precluding a grant of summary judgment in Defendants favor. Plaintiff has cited this Court to the recent opinion in *Satcher v. Honda Motor Co., Ltd.*, 758 F.Supp. 393 (S.D.Miss.1991), wherein the court denied the defendant's motion for summary judgment in a products liability action concerning motorcycle leg protection devices and the lack thereof on the motorcycle which the plaintiff was riding when injured. In *Satcher*, the court noted that, while the open and obvious danger rule would bar recovery in a products liability case, the question of whether the danger associated with a motorcycle unequipped with leg protection devices was open and obvious was one of fact. *Satcher*, 758 F.Supp. at 396. This Court cannot agree that any issue of fact is created under the open and obvious danger rule where the factual circumstances involve motorcycles unequipped with leg protection devices and the attendant risks concerning side-impact collisions. To that extent, this Court declines to follow the ruling in *Satcher*.

■ Finally, Plaintiff argues that summary judgment should be denied because of the presence of a latent design defect in the motorcycle, thus precluding the possibility that the open and obvious danger rule could bar recovery in this matter. Specifically, Plaintiff alleges that, in addition to the failure to include leg guards on the motorcycle, the use of a one engine cylinder in the design of the motorcycle instead of a horizontally-opposed twin engine cylinder which would protrude out on each side of the rider's feet and afford some degree of leg protection constituted a latent defect in the design of the motorcycle. The Court concludes, however, that this design feature does not alter the application of the open and obvious danger rule to the facts of this case. Initially, the Court notes that the placement of the engine is obvious and apparent upon a visual inspection of the motorcycle. On this basis, the Court finds that it strains credulity to suggest that this design feature could constitute a latent defect. In addition, the Court notes that the critical inquiry under the open and obvious danger rule is whether the danger or hazards associated with use of a product are open and obvious. It is not necessary that each and every design feature which may aid in creating that danger or hazard be fully or completely comprehensible by the user. The fact that a rider's legs would be fully exposed is clearly apparent upon a mere glance at the motorcycle at issue here. The magnitude of the danger that is created by this design is equally apparent. That fact that the danger might be created by one design feature rather than or in combination with another is of no significance when the degree of danger that a rider faces is obvious. Accordingly, the Court finds that summary judgment is not precluded on this basis.

Based on the foregoing analysis, the Court concludes that no genuine issue of fact exists as to the strict liability claims asserted by Plaintiff and that judgment should be granted for Defendants on this count of the Complaint as a matter of law.

B. Breach of Warranty Claims

In addition to strict liability claims, Plaintiff also asserts that Defendants are liable for breach of warranties regarding the condition and safety of the motorcycle.

■ In order to recover under a theory of breach of warranty, plaintiff must prove, among other elements, that the goods were unfit for their normal use at the time of sale and that plaintiff incurred injuries that were proximately caused by the defective nature of the goods. *Vince v. Broome*, 443 So.2d 23, 26 (Miss.1983). Just as in strict liability cases, a manufacturer cannot be held liable under breach of warranty for defects that create an open and obvious hazard.

[A] general warranty does not extend to open and visible defects in the quality or condition of goods sold, although they are inconsistent with the warranty. As

has been stated, an express warranty does not survive acceptance with knowledge of the defects. It has been stated that neither a general nor an implied warranty covers external and visible defects which are plain and obvious to the purchaser upon mere inspection with the eye.

*Harrist v. Spencer–Harris Tool Co.,* 244 Miss. 84, 140 So.2d 558, 561 (1962) (quoting 46 Am.Jur. *Sales* § 377).

■ In the instant action, Plaintiff has predicated his breach of warranty claims upon the alleged defects relating to the lack of leg protection features. Because this Court has found that the lack of leg protection features created an open and obvious danger, a breach of warranty action cannot be maintained on these grounds as a matter of law. Accordingly, the Court finds that no genuine issue of material fact exists as to the breach of warranty claims asserted by Plaintiff and that judgment should be granted in favor of Defendants as to this count of the Complaint as a matter of law.

### C. Negligence Claims

■ Finally, Plaintiff asserts that Defendants are liable under general tort principles of negligence. The Court notes, however, that the open and obvious danger rule stands as a complete bar to recovery on a negligence basis as well. *See Ward v. Hobart Manufacturing Co.,* 450 F.2d 1176, 1186–87 (5th Cir.1971). Because of the open and obvious nature of the hazards upon which Plaintiff's negligence claims are based, the Court finds that recovery is precluded as a matter of law. Accordingly, the Court finds that no genuine issue of fact exists as to the negligence claims asserted by Plaintiff and that judgment should be granted for Defendants as to these counts of the Complaint as a matter of law.

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment is hereby granted.

IT IS FURTHER ORDERED that judgment is granted in favor of Defendants as to all strict liability, breach of warranty, and negligence claims asserted by Plaintiff.

IT IS FURTHER ORDERED that a separate judgment in accordance with this opinion be entered in this cause.

SO ORDERED.