IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 91-7138

_____


JAMES C. SATCHER,

                                        Plaintiff-Appellee,

                        versus

HONDA MOTOR COMPANY, LTD., And
Its Wholly Owned Subsidiaries,
AMERICAN HONDA MOTOR COMPANY, INC.,
AND HONDA R & D CO., LTD.,

                                        Defendants-Appellants.
_____

Appeal from the United States District Court for the
            Southern District of Mississippi
                  (CA-S-87-0635-P)
_____
                  (January 25, 1993)

Before JOLLY and DUHÉ, Circuit Judges, and PARKER, District Judge.[*]

E. GRADY JOLLY, Circuit Judge:[**]

        James C. Satcher was riding a Honda motorcycle when he was
struck by an automobile that traumatically amputated his leg.  He
sued Honda under theories of strict product liability and negligent
product design, asserting that the motorcycle was defective and

_____

        [*]Chief Judge of the Eastern District of Texas, sitting by
designation.

        [**]Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

unreasonably dangerous because it lacked leg guards. He also alleged that the design was defective because the motorcycle was not readily conspicuous to oncoming motorists. Honda countered by moving for summary judgment on the basis that Mississippi's "open and obvious" doctrine barred recovery and that the motorcycle's "inconspicuity" was not causally related to Satcher's injuries. The district court denied Honda's motion for summary judgment and allowed Satcher's case to proceed to trial. The jury returned a verdict for Satcher in the amount of $3,017,000. Honda Motor Co., Ltd., American Honda Motor Co., Inc., and Honda R & D Co., Ltd. (collectively "Honda") appeal. We hold that under the applicable Mississippi law, the consumer expectations test applies in product liability cases, and because the alleged defect as well as the danger was open and obvious to the ordinary consumer, the motorcycle was not "unreasonably dangerous." Similarly, because the danger was open and obvious to a casual observer, Satcher is barred from recovery in his negligence claim. Furthermore, the motorcycle's alleged "inconspicuity" could not have caused Satcher's injuries, and, because there is no causal relationship, the "inconspicuity" claim fails. For the reasons set out below, we REVERSE the district court's judgment and RENDER judgment in favor of all defendants.

I

Before addressing the merits of this appeal, we must deal with the procedural issues it presents. Satcher argues that because

Honda did not move for a directed verdict either after Satcher presented his case or at the close of its case, and because it moved for a new trial and did not ask for JNOV, the district court's denial of summary judgment is moot and thus beyond review. Furthermore, Satcher argues that because the jury returned a verdict for Satcher after it was properly instructed on the "open and obvious" defense, we are precluded from finding that no reasonable jury could have found that the defect and danger presented by this motorcycle's lack of leg protection were not open and obvious. Similarly, Satcher argues that the jury's verdict supports his "conspicuity" claim and it cannot now be revisited.

Honda's motion for a new trial was understood by the trial judge to include a motion for JNOV, including the argument that the defendants were entitled to summary judgment. At the hearing on the defendants' motion for new trial, the trial judge specifically commented on this aspect of Honda's motion[1] and repeated and readopted his denial of Honda's motion for summary judgment.

It is well established that notices of appeal, with some few specific exceptions, are to be read liberally. Foman v. Davis, 371 U.S. 178, 181-82, 83 S.Ct. 227, 230 (1962), McLemore v. Landry, 898 F.2d 996, 999 (5th Cir. 1990). Consequently, we must read Honda's

---

[1] "Now, at the top of Page 3, Item 4 [of Defendants' Motion for New Trial], you again bring up open and obvious defense, and you say to a casual observer or to any ordinary consumer, which again is bringing back the issue of the Court's ruling on the motion for summary judgment." (Emphasis ours.) Transcript of 5/20/91 hearing on defendants' motion for new trial, p.57.

notice of appeal as placing before us each of the trial court's adverse rulings against Honda, including its denial of summary judgment to Honda. See *Moore's Federal Practice* § 203.17[2] (appeal from final judgment draws into question and allows attack on all prior non-final orders and all rulings that produced judgment); Blitzstein v. Ford Motor Co., 288 F.2d 738 (5th Cir. 1961).

In reviewing the trial court's ruling on summary judgment, this court applies the same standard as the trial court, viewing the facts in the light most favorable to the nonmoving party. Federal Deposit Ins. Corp. v. Hamilton, 939 F.2d 1225, 1228 (5th Cir. 1991). We decide questions of law de novo. Walker v. Sears, Roebuck & Co., 853 F.2d 355, 358 (5th Cir. 1988). Summary judgment is proper if the pleadings, depositions, admissions, and other summary judgment evidence demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); Brown v. Southwestern Bell Tel. Co., 901 F.2d 1250, 1255 (5th Cir. 1990).

II

In reversing and rendering, it appears necessary for us to point out that district courts are, in diversity cases, bound by the decisions of the forum state. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817 (1938); Grenada Steel Industries, Inc. v. Alabama Oxygen Co., 695 F.2d 883, 885 (5th Cir. 1983).

-4-

Furthermore, under the doctrine of stare decisis, the district court is bound by the prior decisions of this court in interpreting Mississippi law. The trial judge failed to recognize these principles in denying summary judgment to Honda. For example, although the district court stated that "[t]he open and obvious defense is still alive and well under Mississippi law even though this Court feels it should be subsumed by the comparative negligence doctrine," (emphasis ours), Satcher v. Honda Motor Co., 758 F.Supp. 393, 396 (S.D. Miss. 1991), it proceeded to apply the open and obvious defense based on holdings from the Seventh Circuit and other foreign jurisdictions, using a subjective standard. This burst of inspired creativity directly contravened our holding in Melton v. Deere & Co., 887 F.2d 1241, 1243-44 (5th Cir. 1989), and the Mississippi law upon which Melton is based. Notwithstanding the judge's belief that there are good policy reasons for his approach, he was not free to apply his ex cathedra approach.

For the reasons set out in Toney v. Kawasaki Heavy Industries, 975 F.2d 162 (5th Cir. 1992), we reverse the district court's judgment entered upon the jury verdict in this case. As a matter of law, Satcher stated no claim against Honda. Under the applicable Mississippi law, the consumer expectations test applies in product liability cases, and because the alleged defect and danger were open and obvious to the ordinary consumer, the motorcycle was not "unreasonably dangerous." Similarly, because the danger was open and obvious to a casual observer, Satcher is

-5-

barred from recovery in his negligence claim. Furthermore, the motorcycle's alleged "inconspicuity" could not have caused Satcher's injuries, and, because there is no causal relationship, the "inconspicuity" claim fails.[2] The district court erred in failing to grant Honda's motion for summary judgment. This case should never have gone to trial. The judgment of the district court is REVERSED and judgment for defendants is herewith RENDERED.

REVERSED and RENDERED.

---

[2]Satcher additionally sued Honda on the theory that the motorcycle was unreasonably dangerous because Honda failed to manufacture it in such a way that it was adequately conspicuous to other vehicles. Even assuming the merit of this argument, the evidence shows that Mrs. Fagan, the driver of the automobile that collided with Satcher, first saw the motorcycle from a distance and thought it was a child playing in the road. Satcher, 758 F.Supp. at 393-94. It is therefore clear that Fagan recognized the motorcycle as an object that she should approach with care and attempt to evade. At the time of impact, Mrs. Fagan's automobile was "either stopped or barely moving." Satcher, 758 F.Supp. at 394. Yet she still turned her car into the plaintiff's lane of traffic; indeed, she turned her car directly in front of the plaintiff's motorcycle. The plaintiff's motorcycle could not have been any more conspicuous at this point. There is simply no causal connection between the motorcycle's "inconspicuity" and Mrs. Fagan's collision with it. As a matter of law, causation is lacking and this claim fails.