355 So.2d 77 (1978)
Henry DUNSON
v.
S.A. ALLEN, INC.
No. 49786.
Supreme Court of Mississippi.
February 1, 1978.
Rehearing Denied March 1, 1978.
Holcomb, Dunbar, Connell, Merkel, Tollison & Khayat, Jane M. Wilbourn, Charles M. Merkel, Clarksdale, for appellant.
Upshaw, Dale, Dorizas & Calhoun, Tom P. Calhoun, III, Greenwood, for appellee.
Before INZER, WALKER and BROOM, JJ.
INZER, Presiding Justice for the Court:
This case involves the question of whether the manufacturer of a product can be held strictly liable in tort when such product is intended to be used only in conjunction with a second product and when so combined, the combination of the two is unreasonably dangerous and could only be remedied by changes or adjustments to the second product. We hold that it can be held liable.
Appellant, Henry Dunson, brought suit in the Circuit Court of Washington County against J.I. Case Company, G & G Pulpwood Company, S.A. Allen, Inc., and the Ayres Company seeking to recover damages for the personal injury resulting from the operation of a piece of equipment used to cut pulpwood. During the course of the trial, a nonsuit was taken as a result of a settlement with J.I. Case and Ayres Company, and the trial proceeded against the defendant S.A. Allen, Inc. The record is silent as to the disposition of the suit against G & G Pulpwood Company.
The proof on behalf of the plaintiff in this case established that Dunson was severely injured on November 2, 1973, while operating a Case Uniloader equipped with a plantation thinning shear manufactured by S.A. Allen, Inc. The Allen Plantation Thinning Shear is an attachment used in the wood industry for cutting trees. It has a pair of sharp knives used to cut the trees and a pair of claws or grasps which hold the tree while it is being lifted and carried to be *78 stacked with trees already cut. The cutting knives and the claws are operated by means of hydraulic connections between the Allen shear and the equipment with which it is being used.
The particular Allen shear involved in this case was designed by Allen and was especially adapted by it through special mounts and hydraulic hose connections for use with the Case Uniloader. As manufactured the shear could not be used with any other type of tractor. When the Allen shear is in use its knives and claws are opened or closed by the operation of a seesaw type pedal inside the Case Uniloader. This pedal can be pressed either forward or backward to open or close the knives and claws. The pedal activates the shear by means of a hydraulic hose connection between the Case Uniloader and the Allen shear.
On the day of the accident, Dunson was operating a Case Uniloader equipped with an Allen shear to cut and stack trees. He had just cut a tree and started toward the pile with the tree and had traveled some ten or fifteen feet when suddenly the claws of the shear opened and released the tree. The top part of the tree became entangled with the tops of surrounding trees and the base or bottom of the severed tree came backwards into the front of the unshielded Case Uniloader where it fell on Dunson, pinning him in the cab and crushing his right leg.
S.A. Allen, Inc. had manufactured this particular type shear to be used with a Case Uniloader and had tested it in connection with a Uniloader. In testing the shear in connection with the Case Uniloader, Allen had become aware that it was likely that a tree which had been severed and was being carried by the shear could be dropped by sudden opening of its grasps without any intentional act on the part of the operator. Allen also was aware that when the shear was used in connection with a Case Uniloader the operator would have no shield in front of him to protect him from objects such as limbs of trees entering the front of the cab. Allen was also aware that another brand tractor for which the Allen shear was designed to be used, did have such a shield in front of the operator. Dunson testified that on the day in question his equipment was working fine until he cut a tree, lifted it slightly, and started toward the pile, when suddenly something caused the grasp to open, releasing the tree. He said the tree came into the machine, pinned his leg against the back of the machine and his knee against the steering clutch, causing him to lose control of the machine.
Plaintiff also offered expert testimony to the effect that the device as manufactured and used by Dunson was unreasonably dangerous.
When plaintiff rested its case, the trial court sustained an oral motion on behalf of Allen for a directed verdict and dismissed the suit. The record does not reflect the grounds upon which the court sustained the motion for a directed verdict, but apparently the court was of the opinion that the testimony failed to establish that the product was defective or unreasonably dangerous when it left the hands of the manufacturer.
Appellant argues that the trial court was in error in sustaining Allen's motion for a directed verdict because the evidence established that the intended use of this particular thinning shear was to cut trees when coupled with a Case Uniloader and when so coupled the shear was unsafe for its intended use. Appellee contends that plaintiff's proof established that there was no defect in the product when it left its hands, was reasonably safe for its intended use and the problem arose after it was attached to the Case Uniloader.
We are of the opinion that the crucial question in this case is whether the thinning shear was defective or unreasonably dangerous in the light of our decision in State Stove Manufacturing Company v. Hodges, 189 So.2d 113 (Miss. 1966). There we pointed out that if a product left the defendant's control in a dangerous or unsafe condition or was not reasonably safe or was unsafe for its intended use, the manufacturer is liable whether or not he was at *79 fault in creating that condition or in failing to discover or eliminate it. The question of whether a product is reasonably safe is a flexible one and to be determined by the facts in each case. The intended use of the particular thinning shear involved in this case was to cut trees when coupled to a Case Uniloader. Until so coupled the product was useless. We are of the opinion where, as here, the product is manufactured for the purpose of being used in conjunction with another product, which when combined proves to be unsafe for the purpose for which it was intended, the manufacturer of the first product can be held liable.
In summary, we are of the opinion that the allegations of the declaration and the evidence in support of the allegations are sufficient to create a jury issue as to whether the product was defective or unreasonably dangerous when it was attached to the Case Uniloader. For this reason, this case must be and is reversed and remanded.
REVERSED AND REMANDED.
PATTERSON, C.J., and SMITH, P.J., and ROBERTSON, SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.