IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 91-1577
_____


BILLY H. TONEY,

                                        Plaintiff-Appellant,

                        versus

KAWASAKI HEAVY INDUSTRIES, LTD.,
ETC., ET AL.,

                                        Defendant-Appellee.

_____

        Appeal from the United States District Court for the
                Southern District of Mississippi
_____
                        (October 7, 1992)

Before JOLLY and DUHÉ, Circuit Judges, and PARKER, District Judge.[*]

E. GRADY JOLLY, Circuit Judge:

        Billy H. Toney was riding a Kawasaki motorcycle when he was

struck by an automobile that crushed his leg, which later had to be

amputated.  He sued Kawasaki under various theories of strict

liability and negligence, primarily asserting that the motorcycle

was defective because it lacked leg guards.  We hold that under the

applicable Mississippi law, the consumer expectations test applies

in product liability cases, and because the alleged defect and

danger were open and obvious to the ordinary consumer, the

_____

        [*]Chief Judge of the Eastern District of Texas, sitting by
designation.

motorcycle was not "unreasonably dangerous."  Similarly, because the danger was open and obvious to a casual observer, Toney is barred from recovery on his negligence claim.  The district court's dismissal of Toney's complaint is, consequently, affirmed.

I

On August 16, 1985, Toney purchased a used Kawasaki 750 motorcycle from an individual.  The motorcycle was designed and manufactured by Kawasaki Heavy Industries, Ltd. (KHI), a Japanese corporation; Kawasaki Motor Corporation is a Delaware corporation that distributes KHI products in the United States (we refer to both simply as "Kawasaki").  On the very next day, August 17, 1985, Toney was struck from the side by a truck while riding his motorcycle on an open highway.  He suffered severe injuries in the collision that later necessitated the amputation of his left leg.

II

On April 11, 1989, Toney filed suit in the Circuit Court of Smith County, Mississippi.  Kawasaki removed the case to federal district court invoking diversity jurisdiction.  Toney asserted negligence, strict liability, and breach of warranty claims against the appellees.  Specifically, he alleged that the Kawasaki motorcycle was not equipped with leg protection devices as reasonable care would require, that the product was unreasonably dangerous, and that the appellees failed to adequately warn users of the motorcycle about the potential danger.  Kawasaki moved for summary judgment asserting that the risks associated with the use

of a motorcycle not equipped with leg protection features were open and obvious, and that the plaintiff's claims were barred as a matter of law.

The district court held that there was no genuine issue of material fact and granted Kawasaki summary judgment as a matter of law. The court first considered whether the defendants were strictly liable for a design defect in the motorcycle or for the failure to warn users of the motorcycle about potential dangers associated with the use of the product. The court found no merit in the plaintiff's strict liability claims, because the risks to a rider's legs were patently obvious to any ordinary consumer. The court further held that appellant's negligence and breach of warranty claims were similarly barred by the "open and obvious" defense. This appeal followed.

### III

In reviewing the trial court's grant of summary judgment, this court applies the same standard as the trial court, viewing the facts in the light most favorable to the nonmoving party. Federal Deposit Ins. Corp. v. Hamilton, 939 F.2d 1225, 1228 (5th Cir. 1991). We decide questions of law de novo. Walker v. Sears, Roebuck & Co., 853 F.2d 355, 358 (5th Cir. 1988). Summary judgment is proper if the pleadings, depositions, admissions, and other summary judgment evidence demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v.

<u>Catrett</u>, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); <u>Brown v. Southwestern Bell Tel. Co.</u>, 901 F.2d 1250, 1255 (5th Cir. 1990).

IV

In order to recover under a theory based on Mississippi product strict liability law, the injured plaintiff must show that the product was "in a defective condition unreasonably dangerous." <u>Melton v. Deere & Co.</u>, 887 F.2d 1241, 1243 (5th Cir. 1989) (quoting <u>Restatement (Second) of Torts</u>, § 402A (1965) as cited in <u>State Stove Mfg. Co. v. Hodges</u>, 189 So.2d 113, 118 (Miss. 1966)); <u>Gray v. Manitowoc Co.</u>, 771 F.2d 866, 868-69 (5th Cir. 1985). Mississippi has adopted the objective "consumer expectations" test to determine whether a product is unreasonably dangerous and therefore defective. <u>Melton</u>, 887 F.2d at 1243; <u>Toliver v. General Motors Corp.</u>, 482 So.2d 213, 218 (Miss. 1985). Thus, the plaintiff must establish that the product was "dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, <u>with the ordinary knowledge common to the community</u> as to its characteristics." <u>Restatement (Second) of Torts</u> § 402A, Comment i (1965) (emphasis ours). Furthermore, in a product liability action, "a product that has an open and obvious danger is not more dangerous than contemplated by the consumer, and hence cannot, under the consumer expectations test applied in Mississippi, be unreasonably dangerous." <u>Melton</u>, 887 F.2d at 1243.

In <u>Gray</u>, we examined the genesis and development of product liability law in Mississippi and concluded that "the patent danger

-4-

bar adopted by the Restatement was incorporated into Mississippi's doctrine of strict liability." Gray, 771 F.2d at 868-70. We then concluded that Gray could not maintain his strict liability action because the defect he complained of was open and obvious and no "reasonable jury [could] have concluded that the [product] was dangerous to a degree not anticipated by the ordinary consumer of that product." Id. at 871. Thus it is clear that Mississippi law dictates that a manufacturer cannot be held liable for injuries caused by dangers arising from either a defective design or a sound but unavoidably dangerous design so long as the hazard is open and obvious "to a casual observer." Our court follows this rule. Id. at 870; Melton, 887 F.2d at 1243.

The case of Toliver v. General Motors Corporation illustrates the application of these principles by the Mississippi court. In Toliver, the Mississippi Supreme Court observed that "[i]n the context of fuel tank design, obviously the plaintiff contemplated that the automobile which he purchased had a fuel tank affixed to it, which could become dangerous under some circumstances." Toliver, 482 So.2d at 218. The Mississippi court then pointed out that the fact the fuel tank was dangerous was not a sufficient basis for Toliver to recover. More was required: Toliver had to show that the placement of the tank was "defective: . . . below the standard of automotive design contemplated by the user, and, thus, . . . unreasonably dangerous." Id. In other words, the danger from the fuel tank of an automobile was open and obvious; however,

the danger presented by the design and placement of the fuel tank was not.  Consequently, if the design and/or placement were defective and unreasonably dangerous, Toliver would have been entitled to recover, notwithstanding the obvious danger generally presented by the gas tank of an automobile.[2]

Similarly, under Mississippi negligence law it has also been long established that if the hazard of an allegedly defective design is "apparent and obvious to a casual observer," then the injured plaintiff may not recover on a negligence theory.  <u>Harrist v. Spencer-Harris Tool Co.</u>, 244 Miss. 84, 140 So.2d 558, 561 (1962).  In <u>Harrist</u>, the Mississippi Supreme Court held that Harrist could not recover for injuries received because of an allegedly defective design because "[i]f we assume there were defects, we think they were apparent and obvious <u>to a casual observer</u>."  <u>Harrist</u>, 140 So.2d at 561 (emphasis ours).  The court then elaborated:  "No duty rests upon a manufacturer or seller to warn a purchaser of a dangerous design <u>which is obvious</u>.  If this were not true, a manufacturer <u>could not design and sell a pocket knife, axe, planer or gun</u>."  <u>Id.</u> at 562 (emphasis ours).  We

_____

[2]In the event the product was shown to be unreasonably dangerous, Toliver's recovery could nevertheless have been barred if the jury found that he had assumed the risk, a defense that would be based on his subjective knowledge, <u>Alexander v. Conveyors & Dumpers, Inc.</u>, 731 F.2d 1221, 1223-24 (5th Cir. 1984), or reduced if he was comparatively negligent, <u>Braswell v. Economy Supply Co.</u>, 281 So.2d 669, 676 (Miss. 1973).  If the two defenses overlap, comparative negligence applies.  <u>Braswell</u>, 281 So.2d at 677.

explained in Gray that "a manufacturer's liability for product defects under Mississippi's doctrines of negligence and implied warranty may not, as a matter of law, be premised on the existence of an obvious hazard in a product which functions properly for its intended purpose." Gray, 771 F.2d at 868.

As to breach of warranty claims, the Mississippi Supreme Court held in Harrist:

> According to the majority view, a general warranty does not extend to open and visible defects in the quality or condition of goods sold, although they are inconsistent with the warranty.
>
> . . . It has been stated that neither a general nor an implied warranty covers external and visible defects which are plain and obvious to the purchaser upon mere inspection with the eye.

Harrist, 140 So.2d at 561 (quoting 41 Am. Jur. Sales § 377 (1957)). The plaintiffs cite no authority to the contrary.

Thus, in Mississippi, an injured plaintiff is barred from recovering for injuries resulting from a product's open and obvious dangers, e.g., one attributable to an automobile gas tank; if, however, the particular hazard is not open and obvious, e.g., one attributable to the design and placement of the gas tank, the

plaintiff is not barred from recovery.[3]  With these standards in mind, we turn to examine Toney's claims.

V

A

Toney first urges us to apply the holding of Toliver v. General Motors Corp., 482 So.2d 213 (Miss. 1985), to the case sub judice.  The Mississippi Supreme Court held in Toliver that it would impose strict liability in tort, in accordance with Section 402A, Restatement (Second) of Torts (1965), upon automobile manufacturers who design vehicles in such a way that they are unreasonably dangerous, allowing recovery for "second impact" type

_____

[3]As in many areas of the law, there is no bright line rule delineating products that present an open and obvious danger and those which are unreasonably dangerous.  It is clear, however, that whether a product presents an open and obvious danger barring recovery is, in the first instance, a question of law for the court. See, e.g., Melton v. Deere & Co., 887 F.2d 1241, 1244 (5th Cir. 1989) (court decided that danger presented by product was open and obvious and barred plaintiff from recovery); Harrist v. Spencer-Harris Tool Co., 244 Miss. 84, 140 So.2d 558, 561 (1962).  If, as a matter of law, the danger is open and obvious, it follows that the product is not "unreasonably dangerous" under Mississippi's consumer expectations standard. Melton, 887 F.2d at 1243.  Conversely, if the danger is not open and obvious as a matter of law, whether the product is "unreasonably dangerous" is for the jury. E.g., Dunson v. S.A. Allen, Inc., 355 So.2d 77, 79 (Miss. 1978). In the event these issues are submitted to the jury, there is some authority in our Circuit that indicates that the jury may consider the extent of the product's open and obvious danger as a factor in deciding whether the product was "unreasonably dangerous." Lloyd v. John Deere Co., 922 F.2d 1192, 1195 (5th Cir. 1991); Ward v. Hobart Mfg. Co., 450 F.2d 1176, 1187 (5th Cir. 1971).

injuries.  Id. at 215.[4]  Given the Mississippi court's application of Section 402A in Toliver, it is our Erie guess that it would apply the same test to an alleged motorcycle design defect:  is the design of the motorcycle defective--did it fall below the standard of motorcycle design contemplated by the ordinary consumer and, thus, become unreasonably dangerous to him?  Toliver, 482 So.2d at 218.  In this case, however, the application of the test set out in Toliver is of little help to Toney.

As we have earlier noted, in Toliver the fuel tank's placement and design were not apparent to the owner, to a casual observer or to the ordinary consumer, all of whom had to rely on the manufacturer's judgment.  The contrary is true of the Kawasaki motorcycle involved in this case.  The ordinary consumer could see that this motorcycle had no leg protection and, thus, could fully appreciate the motorcycle's design and its open and obvious dangers.  Therefore, the motorcycle was not in a "defective condition . . . `a condition not contemplated by the ultimate consumer, which will be unreasonably dangerous to him.'"  Toliver, 482 So.2d at 218 (quoting Restatement (Second) of Torts, § 402A, cmt. g).  Under Mississippi law, he was, therefore, barred from

---

[4]A defect in design or manufacture that does not minimize injury is viewed as making the automobile "unreasonably dangerous," and thus as a cause of the injury, and, therefore, justifies imposition of liability on the manufacturer.  See, e.g., Toliver at 214-15.

recovery on both his negligence and his product liability claims. Melton, 887 F.2d at 1243-44; Harrist, 140 So.2d at 561.

Citing Dunson v. S.A. Allen, Inc., 355 So.2d 77 (Miss. 1978), Toney argues that a jury question exists concerning the design standard, even if any danger is open and obvious, when the manufacturer is aware of a method of alleviating a danger presented by a product, but does not incorporate it into the design.  In Dunson, the product was a tree shear (made by Allen to be installed on other manufacturers' tractors) designed to cut trees and hold them while the tractor transported the cut tree to the point where it was to be stacked for further handling.  The shear had malfunctioned, on occasion, allowing the cut tree to fall out of its grasp.  One brand of tractor was made with a shield which protected the operator.  The brand of tractor involved in Dunson's suit, a Case, did not have a shield, and Allen knew this.  As the Mississippi Supreme Court stated,

> [the] case involve[d] the question of whether the manufacturer of a product can be held strictly liable in tort when such product is intended to be used only in conjunction with a second product and when so combined, the combination of the two is unreasonably dangerous and could only be remedied by changes or adjustments to the second product.

Id.  The court held that "the allegations . . . and the evidence are sufficient to create a jury issue as to whether the product was defective or unreasonably dangerous when it was attached to the Case Uniloader."  Id. at 79.

-10-

A close reading of Dunson reveals there was a danger known to Allen, the manufacturer:  the shear would sometimes, without any act of the operator, suddenly release a cut tree; Allen knew the falling tree could possibly strike the operator; one tractor manufacturer installed a shield to protect the operator but Allen knew Case did not.  The danger presented by the defective shear was not "apparent and obvious" to the operator; consequently, the design was unreasonably dangerous because the operator had no expectation that the shear would release the cut tree and allow it to fall on him.  If the "ultimate consumer" had considered the possibility, he would have expected the manufacturer to design the shear so that the operator would be shielded.

In this case, there is no dispute that the motorcycle functioned properly as a motorcycle; nor is there any dispute that both the lack of leg protection and the hazard it presented were "apparent and obvious to a casual observer," and were also open and obvious to the "ordinary consumer . . . with the ordinary knowledge common to the community as to its characteristics."  Melton, 887 F.2d at 1243-44; Harrist, 140 So.2d at 561.  In short, an ordinary consumer would fully appreciate the danger that, if an automobile struck the side of the motorcycle, the rider's leg would be ruinously crushed.  The danger of the product thus revealed and appreciated, it was not an unreasonably dangerous product for a manufacturer to market, nor may Toney complain that the design was

negligent. Recovery is barred under Mississippi law. <u>Melton</u>, 887 F.2d at 1246; <u>Gray</u>, 771 F.2d at 868, 870.

                                   B

Toney next asserts that the district court erred in failing to consider his subjective state of mind in determining whether the danger presented by the design of his motorcycle was patent or latent. Toney's affidavit and deposition testimony were included in the evidence considered by the trial court. He testified that he did not appreciate the danger involved in riding a motorcycle without any leg protection features. He now contends that the court should have considered his subjective state of mind, rather than employing the objective consumer expectations test. He makes similar arguments equating the "open and obvious" defense with the defense of assumption of risk, measured by a subjective standard under Mississippi law, <u>Alexander</u>, 731 F.2d at 1223, and with comparative negligence. He also argues that the "open and obvious" defense should be tested against the plaintiff's subjective knowledge of available alternative designs, and the plaintiff's subjective belief that he is using the product in a safe way even though it presents a clear hazard. He also asserts these arguments with respect to his negligence and implied warranty claims.

Notwithstanding Toney's arguments, the indisputable fact remains that the Mississippi Supreme Court has adopted an objective test of "consumer expectations" for claims under Section 402A. <u>Melton</u>, 887 F.2d at 1243; <u>Gray</u>, 771 F.2d at 870. The test is the

                                  -12-

objective measure of the expectations of the generic "consumer" who has "ordinary knowledge common to the community." Gray, 771 F.2d at 870 (citing Ford Motor Co. v. Matthews, 291 So.2d 169 (Miss. 1974)) (emphasis ours). For negligent design and warranty claims, a similar objective test is used: was the defect or danger "apparent and obvious to a casual observer [?]" Gray, 771 F.2d at 868 (citing Harrist, 140 So.2d at 561).

To be sure, Toney's personal knowledge and expectations have little relevance to the issues presented in this litigation. The question in product strict liability cases is not whether the product is unreasonably dangerous to a given individual, nor is it whether a particular individual has bargained for a particular danger. Modern products are sold by the millions in markets comprising a cross section of the population and therefore are used by people with varying levels of education, experience, and ordinary common sense. The question is whether the manufacturer has released to the general public a product that is "unreasonably dangerous." Restatement (Second) of Torts, § 402A (1965). The focus in product liability cases is on the product, not the individual purchaser. Mississippi measures that product by an objective standard, from the perspective of the "ordinary consumer who purchased it, with the ordinary knowledge common to the community as to its characteristics." Melton, 887 F.2d at 1243; Gray, 771 F.2d at 870. We therefore must reject Toney's arguments that we should use a subjective standard, as well as the idea

-13-

implied in his arguments that the "open and obvious" defense, a defense that is based on objective standards, should be conflated with the assumption of risk defense and measured by a subjective standard.

                                    VI

We sum up as follows:

1.  In Section 402A product liability actions in Mississippi, the plaintiff cannot recover unless he shows that the product was "unreasonably dangerous"--"dangerous to an extent not contemplated by the ordinary consumer . . . with the ordinary knowledge common to the community of its characteristics."  Melton, 887 F.2d at 1243; Gray, 771 F.2d at 870.

2.  In product liability actions in Mississippi that are grounded in negligence or implied warranty, the plaintiff cannot recover if the danger presented by the defect in the product was "apparent and obvious to a casual observer."  Harrist, 140 So.2d at 561-62.  We stated this rule as:  "[A] manufacturer's liability for product defects under Mississippi's doctrines of negligence and implied warranty may not, as a matter of law, be premised on the existence of an obvious hazard in a product which functions properly for its intended purpose."  Gray, 771 F.2d at 868.

3.  Both standards are objective standards to which the subjective knowledge or belief of the individual plaintiff about the product involved has little relevance.

4.  Assumption of risk and comparative negligence are separate and distinct doctrines that take into account, among other things, the plaintiff's subjective knowledge or belief.

5.  In this case, the lack of leg protection on the Kawasaki motorcycle was open and obvious to a casual observer, and Toney's negligence and implied warranty claims, as a matter of law, are therefore barred.  <u>Gray</u>, 771 F.2d at 868.

6.  Because its lack of leg protection and concomitant danger were open and obvious to the ordinary consumer, the motorcycle was not "unreasonably dangerous" and Toney's strict liability claim, as a matter of law, is barred.  <u>Melton</u>, 887 F.2d at 1243, 1245-46.

We, therefore, AFFIRM the district court's order of summary judgment.

A F F I R M E D.