*1399 BRIGHT, Senior Circuit Judge,
dissenting:
I respectfully dissent here because I believe the Supreme Court of Mississippi would consider the status of the person injured by a product in determining whether the open and obvious danger rule bars that person from recovering in a products liability suit. Specifically, I believe the court, at a minimum, would apply a premises liability approach to application of the rule in a negligence ease, in which a bystander, injured by a product, brings suit against the manufacturer.
I agree with this court that, for purposes of users and consumers, strict liability focuses on whether a particular product is dangerous, and not on the status of the person injured. Ante at 1393. I also agree with this court’s reading of Ford Motor Co. v. Matthews, 291 So.2d 169 (Miss.1974), its progeny, Toliver v. General Motors Corp., 482 So.2d 213 (Miss.1985) and Hall v. Mississippi Chem. Express, Inc., 528 So.2d 796 (Miss.1988), and this court’s prior decisions in Gray v. Manitowoc Co., Inc., 771 F.2d 866 (5th Cir.1985); Melton v. Deere & Co., 887 F.2d 1241 (5th Cir.1989); and now Toney v. Kawasaki Heavy Indus., Ltd., 975 F.2d 162 (5th Cir.1992) that the Mississippi Supreme Court has adopted the “consumer expectation” test in determining strict liability under section 402A of the Restatement (Second) of Torts. Ante at 1392. Moreover, I acknowledge this court has ruled that, for purposes of “users,” there is no recovery for a patent, open and obvious danger. Melton, 887 F.2d at 1243. Finally, I do not disagree that the Mississippi Supreme Court employs an objective standard in applying the consumer expectation test. Gray, 771 F.2d at 871.
However, I do disagree with this court’s application of these cases to the instant case. Each of the above cases relates to a user injury.[1] Collectively, these cases represent a significant body of case law derived from, and specifically tailored to, user injuries. But Batts was a bystander, not a user.[2] There was nothing he could have done to avoid the accident because he neither had control over the danger, nor was aware of its presence.
In my opinion, this court’s failure to address Batts’ bystander status is at odds with the fundamental purpose of strict liability as developed in Mississippi. The Supreme Court of Mississippi has long recognized that the purpose of product liability “is to insure that the costs of injuries resulting from defective products are borne by the manufacturers ... rather than by the injured persons who are powerless to protect themselves.” State Stove Mfg. Co. v. Hodges, 189 So.2d 113, 120 (Miss.1966), cert. denied, Yates v. Hodges, 386 U.S. 912, 87 S.Ct. 860, 17 L.Ed.2d 784 (1967) (quoting Greenman v. Yuba Power Products, Inc., 59 Cal.2d 57, 27 Cal.Rptr. 697, 700-01, 377 P.2d 897, 900-01 (1963)). The court has noted that the purpose and subsequent effect of forcing manufacturers to internalize these costs is to create incentives for manufacturers to produce safer products. See generally id. at 119.
But denying Batts recovery under strict liability because the danger of the forklift is open and obvious to an ordinary consumer, shifts the liability costs from the *1400 manufacturer, in this case, Caterpillar, to Batts. Consequently, Caterpillar has less incentive to make its equipment safer. Application of the open and obvious rule here encourages manufacturers to produce goods that are increasingly more dangerous because,. in effect, the greater the “open and obvious” danger, the greater the protection from liability the manufacturer enjoys.
This court’s willingness here to extend user injury analysis to a bystander case, in my opinion, is not what , the Supreme Court of Mississippi would do, were it ruling on this issue.[3] Although - analytically convenient, this court’s application of a consumer expectation test fails to explain the reason why the test should apply to bystanders.
To the extent Mississippi would apply a different rule for bystanders, Batts should be entitled to recovery. However, I recognize this issue remains a question of first impression in Mississippi and, thus, do not rest my decision on these grounds alone.
In my opinion, an even more persuasive case is made on Batts’ negligent design claim. As a general rule, manufacturers have a duty to design reasonably safe products. Ward v. Hobart Mfg. Co., 450 F.2d 1176, 1182 (5th Cir.1971). However, if the danger of a particular product is “open and obvious,” and the product functions properly for its intended use, parties are barred from recovery. See Harrist v. Spencer-Harris Tool Co., 244 Miss. 84, 140 So.2d 558, 562 (1962).
In Harrist, an employee of the .purchaser of an oil rig slipped and fell on the steps of the rig due to “external and visible defects which ... [were] plain and obvious to the purchaser____” Id., 140 So.2d at 561. Faced with a possible no privity defense, the court treated the employee as a purchaser and denied him recovery because the defect in the rig was open and obvious.
The bar in Harrist, however, does not apply in every case. Whether it applies here should turn on whether Batts is considered a product “user” or a “bystander.” If he is a “user” and, as such, should recognize a forklift operating in reverse to be an open and obvious danger, he would be barred from recovering on a negligent design claim. Id.; Ward v. Hobart Mfg. Co., 450 F.2d 1176 (5th Cir.1971); Gray v. Manitowoc Co., 771 F.2d 866 (5th Cir.1985).
However, if he is viewed as a “bystander,” then I agree with Batts that the open and obvious test requires two significant modifications.' First, the person to whom the danger must objectively be open and obvious is Batts, not the user of the forklift. Second, the defense is not an absolute bar, but, like in ordinary negligence actions, is subject to comparative negligence.
Again, the cases on which Caterpillar relies deal exclusively with employees who, unlike Batts, were injured while using the source of the danger which caused their injury.[4] The crucial distinction between, these cases and the instant case is that a bystander is generally not aware of the dangers that are, or should be, open and obvious to an owner, consumer or user.
Support for Batts’ right to recover comes from premises liability cases in Mississippi. These cases generally hold that recovery for injuries resulting from open and obvious hazards is not automatically barred, but rather goes to the jury on the question of comparative negligence. Biloxi Regional Medical Center v. David, 555 So.2d 53, 56 (Miss.1989); Goodwin v. Derryberry Co., 553 So.2d 40, 43 (Miss.1989); Bell v. City of Bay St. Louis, 467 So.2d 657, 664 (Miss.1985).
In my opinion, the jury “charge as a whole leaves ... substantial and ineradica *1401 ble doubt” that the jury was properly guided in its deliberations. Hall v. State Farm Fire & Casualty Co., 937 F.2d 210, 214 (5th Cir.1991). The trial court neither fully nor correctly instructed the jury as to the negligent design or strict liability claims. See Crist v. Dickson Welding, Inc., 957 F.2d 1281, 1287 (5th Cir.1992). In my opinion, the jury should have been instructed that if Batts’ injuries resulted from open and obvious hazards, his claims were not automatically barred, but were to be weighed- against his comparative negligence.
. Moreover, as I read the record, there exists little evidence of actual lack of due care on the part of Batts. He neither saw nor apprehended the danger as it bore down upon him. In these circumstances, I do not believe the federal courts should, nor the Mississippi courts would, necessarily bar Batts’ recovery on the basis of an open and obvious defect to a user. Accordingly, I would reverse and remand this case for a new trial under corrected instructions.[5]

. In Ford, an employee was injured when a truck he was attempting to repair moved for- ■ ward, pinning him against another truck. In Toliver, an owner of a vehicle suffered injuries resulting from a defective gas tank in the car. In Gray, an ironworker foreman was injured when the butt end of a crane’s boom struck him while he supervised his crew in changing sections on the boom. In Melton, a user of a combine was injured in attempting to clean it. In Toney, a driver of a motorcycle was injured when he was struck by a car.

. This court concedes that Batts was a bystander, and not a user. Ante at 1393. "Bystanders” are expressly permitted recovery under Mississippi strict liability law. Hall v. Mississippi Chem. Express, Inc., 528 So.2d 796, 799 (Miss. 1988). See also Jackson v. Johns-Manville Sales Corp., 727 F.2d 506, 514 (5th Cir.1984).
The distinction I draw here between a user and bystander is a narrow one. It applies only for purposes of applying the open and obvious danger rule in a case in which a bystander injured by a product seeks to recover against the manufacturer.

. It might very well adopt the rationale of looking to the nature of the accident and the obviousness of the danger to the person injured, as this court did in Page v. Barko Hydraulics, 673 F.2d 134 (5th Cir.1982).

. As we have observed, in Harrist, an employee working on an oil rig was injured when he slipped and fell on stairs on the rig's platform. Harrist, 140 So.2d at 559. In Ward, a woman lost several fingers cleaning a meat grinder manufactured by Hobart and used by the woman and her husband in a small restaurant they owned and operated. Ward, 450 F.2d at 1182. In Gray, as discussed above, an ironworker foreman suffered injury when the butt end of a crane’s boom struck him while he supervised his crew in changing sections on the boom. Gray, 771 F.2d at 871.

. The concurrence suggests that, for the purposes of defining strict liability in Mississippi, no real distinction exists between a "consumer” and a "bystander.” Similarly, for purposes of negligent design, that opinion suggests "bystander” denotes “casual observer” in determining to whom the danger should be open and obvious. Regardless of the terminology, it seems to me that one in Batts' posture lacks knowledge of the danger as open and obvious, a matter of law, by merely watching the general operation of the forklift. The open and obvious danger comes about only when Batts, or one similarly situated, might actually see the forklift while it trav-elled backwards bearing down upon the person, inasmuch as this machine carried no automatic warning sounds or signals.